UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case nos.:<br>18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE THE IRS
EXAMINATION OF THE RJM CAPITAL PENSION PLAN**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen
(Customs and Tax Administration of the
Kingdom of Denmark)*

i

## TABLE OF CONTENTS

|   | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 2 |
| LEGAL STANDARD | 3 |
| ARGUMENT | 4 |
| CONCLUSION | 7 |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Casmento v. Volmar Constr., Inc.*, 20-cv-0944 (LJL), 2022 WL 1094529
　(S.D.N.Y. Apr. 12, 2022)......................................................................................5, 6

*Cervecería Modelo de México, S. de R.L. de C.V. v. CB Brand Strategies, LLC*,
　No. 23-810-cv, 2024 WL 1253593 (2d Cir. Mar. 25, 2024)......................................5

*City of New York v. Pullman Inc.*, 662 F.2d 910 (2d Cir. 1981).......................................7

*Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173 (S.D.N.Y. 2008)...........3, 4

*Ordonez v. A & S Broadway Produce Inc.*, No. 14-cv-4152 (NSR)(JCM), 2015
　WL 5729415 (S.D.N.Y. Sept. 29, 2015).................................................................3

*Palmieri v. Defaria*, 88 F.3d 136 (2d Cir. 1996) ............................................................3

*Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60 (2d Cir. 1998)....................................7

*Stoncor Grp., Inc. v. Peerless Ins. Co.*, 573 F. Supp. 3d 913 (S.D.N.Y. 2021)...............3

*Sulton v. Lahood*, No. 08 Civ. 2435(PKC), 2009 WL 3815764 (S.D.N.Y. Nov. 6,
　2009) .................................................................................................................5, 7

*U.S. Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp.3d 122
　(S.D.N.Y. 2015).....................................................................................................5

**Statutes and Rules**

Fed. R. Evid, 401 ............................................................................................................3

Fed. R. Evid. 402 ....................................................................................................1, 3, 4

Fed. R. Evid. 403 .................................................................................................1, 3, 4, 5

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in support of its motion *in limine* to exclude under Federal Rules of Evidence 402 and 403 evidence regarding the U.S. Internal Revenue Service's audit of defendant RJM Capital Pension Plan, including the "no change" letter the IRS issued to the RJM Plan.

## PRELIMINARY STATEMENT

The IRS's post-fraud audit of the RJM Plan's 2016 annual Form 5500-EZ tax return for single participant pension plans has no relevance to SKAT's allegations that the defendants' representations that the plans were tax-qualified within the meaning of the Internal Revenue Code were false. The "no change" letter that the IRS issued at the conclusion of the audit in 2020 did not, as defendants argue, find that the plan was operated in accordance with the Code's requirements. That letter just stated in conclusory fashion that "no change" was required to the information in the RJM Plan's 2016 return, not that the IRS had investigated and determined that the plan was operated in accordance with the Code.

Even if the IRS's letter did mean more than it said—*i.e.*, that the agency had determined the RJM Plan was qualified—the Court should still exclude it under Federal Rule of Evidence 403. Such a purported finding with no explanation of the IRS's reasoning or the basis for its decision would have little probative value and its only purpose would be to suggest to the jurors that they should adopt the IRS's conclusion. And admitting it into evidence would cause the trial to devolve into a confusing contest between the parties concerning how the information the RJM Plan submitted to the IRS compares to the evidence admitted at trial (and how the evidence concerning the defendants' other plans compares with the information the IRS had with respect to the RJM Plan).

Further, defendants would suffer no prejudice if the evidence concerning the IRS's audit is excluded. To the extent it is admissible, defendants can present to the jury the same

information that the RJM Plan submitted to the IRS, such that the jury can make its own determination as to whether the defendants' representations that the plans were tax-qualified were true.

## BACKGROUND

**SKAT's allegations that defendants misrepresented the RJM Plan's status.**

In addition to misrepresenting that the RJM Plan owned Danish shares on which it received dividends, net of withholding tax, SKAT alleges that defendants also "falsely represented that" the plan "met the qualifications set forth in the double taxation treaty between the Denmark and the United States for a full repayment of the tax withheld on dividends." (Declaration of Marc A. Weinstein, dated August 15, 2024 ("Weinstein Decl."), Ex. 1 (RJM Am. Compl.) ¶ 4.)

SKAT alleges that "[t]his representation was false because" the RJM Plan "did not meet the criteria for a qualified pension plan set forth in section 401(a) of the Internal Revenue Code and purportedly carried on debt-financed activities in breach of the Treaty's prohibition on such activities by a pension plan." (*Id.* ¶ 39.) The RJM Plan "did not operate for the exclusive benefit of [its] sponsoring entity's employees and their beneficiaries." (*Id.* ¶ 40.) It "was not established with the intent that it be a 'permanent' program" and "it was not properly funded." (*Id.* ¶¶ 41-42.)

**The IRS audit of the RJM Plan's 2016 Form 5500-EZ.**

On March 21, 2018, the IRS informed the RJM Plan that it had commenced an examination of the plan's 2016 Form 5500-EZ—the annual return that single participant plans are required to file in certain circumstances. (Weinstein Decl. Ex. 2 at WHD_MDL_0036183; *see also* About Form 5500-EZ, IRS, https://www.irs.gov/forms-pubs/about-form-5500-ez (last visited Aug. 13, 2024).) In substance, the RJM Plan's Form 5500-EZ for 2016 reported only its

2

plan assets at the beginning and end of the year, that the plan received no contributions and made no participant loans, and that the plan was not subject to certain funding requirements. (*See* Weinstein Decl. Ex. 3.)

In subsequent requests, the IRS sought, among other things, information about the RJM Plan's asset reporting on its IRS Forms 5500-EZ for the period between 2012 and 2016, and the accuracy of defendant Markowitz's reporting of distributions from his other pension plans. (*See* Weinstein Decl., Exs. 4-9.) At the audit's conclusion, the IRS issued to the plan a letter (referencing the 2016 return only) stating: "Our recent examination of your return(s) for the above year(s) shows no change is necessary in the information reported. We are pleased to inform you that we have accepted the return(s) as filed." (*See* Weinstein Decl., Ex. 10.)

## LEGAL STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). Motions *in limine* "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Stoncor Grp., Inc. v. Peerless Ins. Co.*, 573 F. Supp. 3d 913, 917 (S.D.N.Y. 2021) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). This includes prohibiting irrelevant and unfairly prejudicial evidence under Rules 401, 402, and 403 of the Federal Rules of Evidence, before the evidence is introduced at trial. *See, e.g., Ordonez v. A & S Broadway Produce Inc.*, No. 14-cv-4152 (NSR)(JCM), 2015 WL 5729415, at *1 (S.D.N.Y. Sept. 29, 2015).

Under Federal Rule of Evidence 403, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues," or "misleading the jury." Fed. R. Evid. 403. The Court has "broad discretion to exclude even

3

relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or if it would be needlessly cumulative" and "to balance the evidence's potential prejudice . . . against its probative value." *Highland Cap.*, 551 F. Supp. 2d at 176-77 (quotations omitted).

## ARGUMENT

The Court should exclude from trial evidence of the IRS's audit of the RJM Plan and its "no change" letter under Federal Rules of Evidence 402 and 403 as irrelevant and unfairly prejudicial, misleading, and confusing. Defendants intend to argue at trial that the IRS's letter means that the agency determined that the RJM Plan was operated in accordance with the Internal Revenue Code's qualification requirements and that the letter therefore defeats SKAT's claims to the contrary. (*See* Defs. Mem. Supp. Summ. J., ECF No. 799, at 5 ("[T]he plan remained qualified and no corrective action was required.").) For instance, defendants' expert Mr. Reish, whose testimony the Court has excluded (ECF No. 1116), intended to testify that "[t]he issuance of a 'no change' letter means that the IRS did not find any qualification defects in the form or operation of the plan. . . and the plan remains a qualified plan." (Weinstein Decl. Ex. 11 ("Reish Report") ¶ 43.) And defendants intend to argue that by implication the IRS's letter means that the agency effectively determined that the rest of the defendants' plans were qualified too.

The IRS's audit of the RJM Plan and its "no change" letter have no bearing on SKAT's claims that the plans were operated in violation of the Code's qualification requirements. The IRS's letter identified only the RJM Plan's "Form Number: 5500-EZ" for 2016 (which post-dates the time period relevant to SKAT's allegations) and states that "no change is necessary in the information reported" for that form and that "we have accepted the return(s) as filed." (Weinstein Decl. Ex. 10.) The plan's Form 5500-EZ, in turn, just provides the amount of its

4

assets at the beginning and end of the year, and that the plan received no contributions, made no participant loans, and was not subject to certain funding requirements, none of which have anything to do with the Code violations SKAT alleges. (*See* Weinstein Decl. Ex. 3.) That the IRS determined, without explanation, that no change was needed to the limited information the RJM Plan reported on that 2016 return provides no useful information for the jury to decide whether the plans were qualified during the operation of their scheme from 2012 to mid-2015 based on the Code violations that SKAT alleged.

And even if the IRS's letter had some minimal probative value, the Court should exclude it under Rule 403. The issue of whether the RJM Plan and the other defendant plans remained tax-qualified during the relevant period is a matter for the jury to determine based on the Court's instruction of law. (*See* ECF No. 1116 ("Mr. Reish's proposed testimony that certain defendant plans were legitimate would tread on the Court's role to determine the law and the jury's role to apply the facts to the law.").) Even assuming *arguendo* that the IRS did determine the RJM Plan was qualified during the relevant period, its letter "does not relate" its "findings in [any] detail and thus its sole value would be to suggest to the jury that it should reach the same conclusions as did" the IRS. *U.S. Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp.3d 122, 145 (S.D.N.Y. 2015).

Conclusory agency determinations, such as the IRS's letter, have "very little independent probative value" and create a "heightened risk of unfair prejudice" given "the danger of jury confusion . . . because jurors would not know what weight, if any, to give it." *Casmento v. Volmar Constr., Inc.*, 20-cv-0944 (LJL), 2022 WL 1094529, at *2 (S.D.N.Y. Apr. 12, 2022) (quoting *Sulton v. Lahood*, No. 08 Civ. 2435(PKC), 2009 WL 3815764, at *2 (S.D.N.Y. Nov. 6,

5

2009)).[1] And were the Court to admit the IRS's letter and evidence regarding the IRS's examination, SKAT "would be forced to attempt to expose the weaknesses of" defendants' interpretation of the letter and the IRS's supposed determination that the RJM Plan was qualified—"an effort that may well confuse . . . the jury and result in an undue waste of time." *Casmento*, 2022 WL 1094529, at *2 (quotation omitted).[2]

For example, defendants presumably intend to argue at trial, as their expert did in his inadmissible reports, that the IRS considered and relied on "extensive details of the RJM Plan's trading activity, including its purchases of Danish securities, the receipt of funds from payment agents following the trading in Danish securities, the fees it paid to Ganymede, and distributions the RJM Plan received from other plans pursuant to partnership agreements," among other information, to reach its supposed conclusion that the plan remained qualified. (Weinstein Decl. Ex. 12 (Reish Reply Report) ¶ 74.) But the IRS's letter itself says nothing of the sort, let alone that its determination encompasses anything beyond the contents of the RJM Plan's 2016 Form 5500-EZ. It is completely unclear from the record to what extent, if any, the IRS even considered the violations of the Code's requirements that SKAT alleges. Neither have defendants sought to clarify the IRS's examination and conclusion, such as by seeking to depose the IRS agent who conducted the examination. And although defendants intend to offer the

---

1. *See also Cervecería Modelo de México, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 23-810-cv, 2024 WL 1253593, at *3 (2d Cir. Mar. 25, 2024) (affirming exclusion of DOJ correspondence that "would likely confuse the jury" by prompting it "to defer to DOJ's view's rather than interpret" the term for themselves).

2. In addition to litigating what evidence was—and was not—provided to the IRS, evidence regarding the IRS examination would create further confusion and judicial waste by necessitating the parties to dispute issues such as the competence of the IRS examination. IRS personnel vary in experience and ability, and as even defendants' (now excluded) expert Mr. Reish acknowledged, the audit of the RJM Plan missed obvious issues, such as the fact that all the plan's purchases were purportedly financed with borrowed money, an issue that even Mr. Reish would have expected an IRS agent to raise. (Weinstein Decl. Ex. 15 (Reish Dep. Tr.) at 243:7-245:10.)

6

sweeping argument that the IRS would "have issued a 'no change' letter similar to the one issued with respect to the RJM Plan" to all the other plans (*see, e.g.*, Reish Report ¶ 44), nothing in the IRS's letter itself or any other evidence concerning its audit would allow the jury to assess how different facts relevant to different plans would affect those plans' qualified status.

The parties undoubtedly will present evidence at trial relevant to the qualified status of the defendant plans that was never submitted to or considered by the IRS. Thus, permitting the defendants to introduce at trial evidence regarding the IRS's examination would risk "a likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compares to the evidence considered by the agency." *Sulton*, 2009 WL 3815764, at *2 (quoting *Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 65 (2d Cir. 1998)).[3] And, on the other hand, the defendants would not be prejudiced if the evidence is excluded because nothing would prevent them from introducing at trial the same underlying evidence the RJM Plan submitted to the IRS, to the extent it is otherwise admissible. *See Paolitto*, 151 F.3d at 65 (affirming exclusion of agency findings in part because defendant "had a full opportunity to present to the jury all the evidence it had submitted to the [agency]").

## CONCLUSION

For the reasons set forth above, SKAT respectfully requests that the Court grant its motion to exclude evidence regarding the IRS's examination of the RJM Plan, including the "no change" letter.

---

3. *See also City of New York v. Pullman Inc.*, 662 F.2d 910, 915 (2d Cir. 1981) (affirming exclusion of agency report that "would have been likely to protract an already prolonged trial with an inquiry into collateral issues regarding the accuracy of the report and the methods used in its compilation") (citation omitted).

7

Dated: New York, New York
August 15, 2024

HUGHES HUBBARD & REED LLP

By: /s/ Marc A. Weinstein
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
neil.oxford@hugheshubbard.com
dustin.smith@hugheshubbard.com
gregory.farrell@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*